Approved, SCAO

Original Court
1st copy - Defendant
2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN<br>37th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>14430/gc |
|---|---|---|

Court address: 8300 Common Rd., Warren, MI 48093          Court telephone no. (586) 574-4951

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Karen Williams<br>c/o Gary D. Nitzkin & Associates<br>22142 W. 9 Mile Rd.<br>Southfield, MI 48033 | v | Midland Credit Management<br>RA: CSC-Lawyers Incorporating Services<br>601 Abbot Rd.<br>East Lansing, MI 48823 |

Plaintiff's attorney, bar no., address, and telephone no.
Gary D. Nitzkin (P41155)
Travis L. Shackelford (P68710)
22142 W. Nine Mile Rd.,
Southfield, MI, 48033
(248) 353-2882

**SUMMONS** | **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| 1/2/15 | 4/3/15 | |

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** | Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

**Family Division Cases**
☑ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Macomb County | Defendant(s) residence (include city, township, or village)<br>Ingham |
|---|---|

Place where action arose or business conducted
Macomb County

| Date: 12-17-14 | Signature of attorney/plaintiff |
|---|---|

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) **SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)



**PROOF OF SERVICE**

| SUMMONS AND COMPLAINT |
|---|
| Case No. |

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
   List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                         Date

My commission expires: _____ Signature: _____
                       Date                              Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                       Attachments

_____ on _____
                             Day, date, time

on behalf of _____

Signature

STATE OF MICHIGAN
IN THE 37TH DISTRICT COURT

KAREN WILLIAMS,
    Plaintiff,
-vs.-                                 **DEMAND FOR JURY TRIAL**

MIDLAND CREDIT MANAGEMENT, INC.,
a Kansas corporation,
    Defendant.
_____/
GARY D. NITZKIN P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com
_____/

# COMPLAINT & JURY DEMAND

Plaintiff, Karen Williams, through counsel, Michigan Consumer Credit Lawyers, by Gary Nitzkin states the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

1

## PARTIES

2. Plaintiff is a natural person residing in the City of Warren, Macomb County, Michigan. Ms. Williams is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is also a "consumer," "debtor" and "person" as the terms are defined and or used in the MCPA and MOC.

3. The Defendant to this lawsuit is Midland Credit Management, Inc. which is a Kansas corporation which maintains its registered agent in Ingham County, Michigan.

## VENUE

4. The transactions and occurrences which give rise to this action occurred in the City of Warren, Macomb County, Michigan.

5. Venue is proper in the 37th District Court in Oakland County, Michigan as the actions and occurrences recited herein occurred in Warren, Michigan.

6. The amount in controversy is less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## GENERAL ALLEGATIONS

7. Defendant is attempting to collect a consumer type debt allegedly owed by Ms. Williams to Citibank in the amount of $4,933.49.

8. On or about April 5, 2014, Ms. Williams received a letter from Defendant. This is the first letter she received from Defendant and there are no 30-day validation notice rights in this letter, pursuant to the FDCPA. The letter reads in big bold letters "Notice of New Ownership and Pre-Legal Review." The letter also states, "On 3/28/14, your Citibank,

2

N.A./Sears Premier Card account was sold to Midland Funding LLC and Midland Credit Management, a debt collection company, will be collecting on, and servicing your account." The letter further tells Ms. Williams that if it does not hear from her by May 20, 2014, it may proceed with forwarding the account to an attorney. In addition, Defendant's letter stated, "This account may still be reported on your credit report as unpaid."

9. Defendant's failure to inform Ms. Williams about her rights to dispute the validity of the debt or any portion of it has deprived Ms. Williams of knowing this right ever existed.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

10. Plaintiff reincorporates the preceding allegations by reference.

11. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

12. Ms. Williams is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

13. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

14. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken. Defendant did this when it threatened Ms. Williams that it could report the account on her credit report as unpaid without giving her the mandatory opportunity to dispute the alleged debt.

    b. 15 U.S.C. §1692e(10) by using any false representation or deceptive means to collect or attempt to collect any debt.

    c. 15 U.S.C. §1692g(a)(3) by failing to provide Ms. Williams with a statement in its initial letter to her stating, " unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

    d. 15 U.S.C. §1692g(a)(4) by threatening to credit report the debt on Ms. Williams' credit report, irrespective of whether she disputed the debt or demand validation of it. Under this statute, the consumer has 30 days to demand validation of a debt during which time, a debt collector must cease its collection efforts until it provides such verification of the debt.

    e. 15 U.S.C. §1692g(a)(5) by failing to provide Ms. Williams with a statement in its initial letter to her stating, "Upon the consumer's written request within the thirty day-period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

15. Ms. Williams has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant for less than $25,000 plus costs, interest and attorneys' fees provided by statute.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

16. Plaintiff incorporates the preceding allegations by reference.

17. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

18. Ms. Williams is a debtor as that term is defined in M.C.L. § 339.901(f).

19. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. MCL §339.915(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt. Defendant did this when it threatened to report the alleged debt to the credit bureaus when by law, it could not do so until Ms. William's initial thirty-day validation period was up.

    b. MCL §339.915(f)(ii) by misrepresenting Ms. Williams' legal rights. Again, Defendant did this when it misrepresented to Ms. Williams that the account could be reported on her credit report without providing her with the mandatory 30-day validation notice rights.

    c. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

20. Ms. Williams has suffered damages as a result of these violations of the Michigan Occupational Code.

21. These violations of the Michigan Occupational Code were willful.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant for less than $25,000 plus costs, interest and attorneys' fees provided by statute.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

22. Plaintiff incorporates the preceding allegations by reference.

23. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

24. Ms. Williams is a "Consumer" as that term is defined at MCL § 445.251.

25. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. MCL §445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt.

    b. MCL §445.252 (f) (f)(ii) by misrepresenting Ms. Williams' legal rights.

    c. MCL §445.252 (q) by failing to implement a procedure designed to prevent a violation by an employee

26. Ms. Williams has suffered damages as a result of these violations of the MCPA.

27. These violations of the MCPA were willful.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant for less than $25,000 plus costs, interest and attorneys' fees provided by statute.

Respectfully submitted,

December 16, 2014

GARY D. NITZKIN P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com